38 C.C.P.A. (Patents)

### Application of TATE.
### No. 5787.

United States Court of Customs and Patent Appeals.

June 5, 1951.

Wright, Brown, Quinby & May, Boston, Mass. (Oliver C. Morse, Boston, Mass., of counsel), for appellant.

E. L. Reynolds, Washington, D. C., for the Commissioner of Patents.

Before GARRETT, Chief Judge, and JACKSON, O'CONNELL, JOHNSON, and WORLEY, JJ.

WORLEY, Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office, affirming that of the Primary Examiner, rejecting as unpatentable over the prior art claims 2 and 4 of appellant's patent application, serial No. 583,235, filed March 17, 1945, for an alleged invention relating to a "Picture Hanger Package." No claims were allowed. The involved claims read as follows:

"2. A display package comprising a card with a flap struck up therefrom, a picture hanger bearing sidewise against said card, said hanger consisting of a metal strip bent to form a hook at the lower end and a loop at the upper end surrounding said flap and a nail extending across said loop and through a preformed hole in said flap enlarged by the entry of said nail, said flap being formed and arranged to be entirely surrounded by said loop with sufficient clearance to permit said flap to be rocked by a retractive movement of said nail whereby the nail is additionally gripped by the flap.

"4. A display package comprising a card having a flap struck up therefrom with a preformed hole therein, a picture hanger bearing sidewise against said card, said hanger consisting of a metal strip bent to a form consisting of a straight back portion with a forwardly extending hook at its lower end, the upper end portion of said strip extending horizontally forward from said back portion, then sloping downwardly and rearwardly substantially to said back portion to form a triangular loop surrounding and enclosing said flap, and a nail extending downwardly and rearwardly through said upper end portion and back portion of said strip and through said preformed hole, said nail having a shank diameter slightly greater than the original diameter of said hole." The reference relied upon is:

Strand     1,581,886     April 20, 1926.

In his decision, the examiner succintly describes appellant's device as follows: "The invention covered by claims 2 and 4 consists of a picture hanger and associated nail releasably secured on a card mount by a flap portion struck up from said card. The nail goes through the respectively registering holes in the loop portion of the hanger in the same manner as in actual use, with the addition that, intermediate of said holes, is a hole in the flap portion of the card, through which also the nail goes."

The patent to Strand discloses a picture hanger display card almost identical to that of appellant's. The only differences are that the tab, or flap, is not provided with preformed holes, and that the tab, or flap, is large enough to extend beyond the triangular loop of the hanger.

Counsel for appellant contend that certain patentable advantages obtain from appellant's device over the Strand article since as a result of the preformed hole, the display cards can be more speedily assembled; that the number of sore fingers of the operators is reduced; that less cards are spoiled; that ordinary cut-point nails instead of ground-point nails may be utilized which, it is stated, combine to affect savings in both time and expense; and that the longer tab which is surrounded by the triangular loop "can tilt from its perpendicular position * * * when a retractive force is exerted on the nail."

The Board of Appeals, in sustaining the decision of the examiner, held that none of the advantages which stem from the use of a preformed hole were of such a nature as to be unexpected; that it was obvious that when the hole was preformed it would not be necessary to provide the nail with as sharp a point as would be required if the nail were punched through the flap and that less force would be required to insert the nail; that a preformed hole would be conducive to a more rapid assembly of the hangers on the card; and that it was also obvious that a hole of lesser diameter would give a greater frictional contact between the flap and nail than if a larger hole were provided.

The Board of Appeals also stated "As to the other point, namely, the tendency of the

flap to spring back toward the plane of the card due to its inherent resiliency, it is doubtless true that the flaps of the Strand patent have the same tendency since they are produced by a punching operation in the same manner as appellant's flap, and it seems to us that it would be obvious that this tendency would not be restrained if a picture hanger having a loop of larger size than that shown in the reference were mounted on the card."

Appellant contends that invention was required and is present in his product. In support of his position, he cites the cases of Webster Loom Co. v. Higgins, 105 U.S. 580, 26 L.Ed. 1177; The Barbed Wire Patent, (Washburn & Moen Mfg. Co. v. Beat 'Em All Barbed-Wire Co.) 143 U.S. 275, 12 S.Ct. 443, 36 L.Ed. 154; Potts v. Creager, 155 U.S. 597, 608, 15 S.Ct. 194, 39 L.Ed. 275; Gordon v. Westtown Electric & Appliance Co., 7 Cir., 103 F.2d 139; and Hanovia Chemical & Mfg. Co. v. David Buttrick Co., 1 Cir., 127 F.2d 888. We have made a careful study of those cases but find nothing in them to support appellant's contention that invention is involved in devising a preformed hole and in making a slight change in the tab, or flap, disclosed by Strand. Assuming that an improvement has been made over the prior art, it is our opinion that such improvement is not sufficient to justify the granting of a patent.

For the reasons stated, the decision of the Board of Appeals is affirmed.

Affirmed.